[No. 11063.   Department Two.   June 10, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Ralph C. Bell,*
*Appellant,* v. JAMES THAANUM *et al., Respondents.*[1]

SCHOOLS AND SCHOOL DISTRICTS — CONSOLIDATION OF DISTRICTS —
STATUTES—CONSTRUCTION.  School districts forming units in separate
union high school districts cannot be consolidated, under Rem. &
Bal. Code, §§ 4440 to 4459, in view of the fact that such a consolidated
district, being a new and distinct entity, would render uncertain the
provisions of §§ 4460-4469, relating to high school districts.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered December 20, 1912, dismiss-
ing a proceeding in *quo warranto,* upon sustaining a demur-
rer to the information.   Reversed.

*R. J. Faussett* and *Joseph H. Smith,* for appellant.

*Stiger & Dally,* for respondents.

FULLERTON, J.—This is a proceeding in the nature of *quo
warranto,* brought by the prosecuting attorney of Snohomish
county to inquire into the validity of the organization of
consolidated school district No. 105, therein.   A demurrer
was interposed to the information which the trial court sus-
tained. Thereafter an order of dismissal was entered, and this
appeal is prosecuted therefrom.

The petition sets forth that the consolidated district was
attempted to be formed out of the territory of school district
No. 20, and school district No. 30, in Snohomish county, and
is illegal and void because these districts at that time formed
units in separate union high school districts; the former
forming a unit in union high school district No. 103, and the
latter forming a unit in union high school district No. 100.
Whether school districts thus situated can be lawfully con-
solidated, is the sole question presented by the record.

The formation, consolidation and regulation of schools and

[1]Reported in 132 Pac. 728.

school districts are matters governed wholly by statute. In this state these statutes form a somewhat extensive code. The procedure relating to the consolidation of school districts will be found in §§ 4440 to 4459 in Rem. & Bal. Code (P. C. 413 §§ 279-317), and relative to the formation of high school districts in §§ 4460 to 4469 (P. C. 413 §§ 319-337). These are too long to be even epitomized here, but their perusal will show that it would lead to uncertainty and endless confusion if a school district incorporated as a unit in one high school district was permitted to consolidate with a school district incorporated as a unit in another and distinct union high school district. True, there is no direct prohibition against such consolidation, but in the consolidation of districts the districts consolidated lose their individuality and become a new and distinct entity, thus rendering uncertain the provisions of the act relating to the governing board of the union schools to which they belong, the means by which the high school is to be supported, what territory comprises the high school district, who are entitled to the franchise in the dissolved district, and how such franchise is to be exercised. Doubtless other provisions may be affected also, but these enumerated are enough to show that the legislature did not contemplate the consolidation of districts situated as were the districts attempting to consolidate in this instance.

The judgment is reversed, and the cause remanded with instructions to overrule the demurrer and proceed to a hearing of the information on its merits.

CROW, C. J., MAIN, ELLIS, and MORRIS, JJ., concur.